**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROYDEL SALAS MARTINEZ,

Petitioner,

v. Case No. 2:26-cv-02507 KWR-DLM

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso,*
*U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR,
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

Respondents.

**ORDER GRANTING IN PART HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a noncitizen in ICE detention. Petitioner has been mandatorily detained without a bond hearing. As explained below, the Court concludes that Petitioner's detention is governed by the discretionary detention provision under § 1226(a) as he is not seeking admission into the United States, and he is entitled to a bond hearing. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to provide Petitioner with a bond hearing within seven (7) days of the entry of this order or else release him.

**BACKGROUND**

Petitioner is a citizen of Cuba and is currently detained by ICE at the Otero County Processing Center. Petitioner entered the United States in 2023. On August 1, 2025, Petitioner was encountered for petit theft. Petitioner was placed into ICE custody on August 2, 2025. On March 30, 2026, Petitioner was ordered removed. Petitioner appealed the removal order, and his appeal remains pending.

On September 5, 2025, the Board of Immigration Appeals issued a decision holding that immigration judges lack authority or jurisdiction to consider bond requests for any person who entered the United States without admission. *Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). It appears that Petitioner has not received a bond hearing under § 1226(a).

Petitioner appears to assert that he has not received a bond hearing under § 1226(a) and he is entitled to an individualized custody determination. He asserts he is erroneously mandatorily detained under § 1225(b)(2)(A). Petitioner also asserts his detention is prolonged in violation of due process.

**LEGAL STANDARD**

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas."

*Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## DISCUSSION

### I. The discretionary detention provision under 8 U.S.C. § 1226(a) applies to Petitioner, rather than the mandatory detention provision under 8 U.S.C. § 1225(b)(2)(A).

Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) as he has been present in the United States for years and is not seeking admission into the United States. Mandatory detention under § 1225(b)(2)(A) only applies to noncitizens "seeking admission" into the United States. Despite this statutory language, Respondents have argued in other cases that the mandatory detention provision under § 1225(b)(2)(A) applies, as that provision covers not only those who present themselves at the border, but any noncitizen who is present in the United States without admission, pending a decision on removal. *See, e.g., Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). Here, Petitioner was detained while present in the United States. He lived in the United States for years prior to his detention, and Respondents do not assert that he was detained at the border or detained while attempting to enter the United States. The statutory phrase "seeking admission" cannot be interpreted to apply to Petitioner, who has lived in the United States for years. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *see also Barry v. Lyons*, No. 1:26-CV-00504-KWR-KRS, 2026 WL 926218, at *2-5 (D.N.M. Apr. 6, 2026); *Abdikadir v. Mullin,* No. 1:26-CV-00634 KWR-JMR, 2026 WL 895661, at *2-6 (D.N.M. Apr. 1, 2026). Therefore, Petitioner is entitled to a bond hearing under § 1226(a).

Respondents assert that his parole was revoked and therefore he returned to his status at the border when he was paroled. In the Tenth Circuit, it is unclear whether he is returned to his status at the border under § 1225(b)(2)(A), as he was arrested after living in the United States for years. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026) ("The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border."). And Respondents do not assert that he was placed in expedited removal proceedings under § 1225(b)(1). Notably, § 1225(b)(1) does not mandate detention for all arriving aliens, but only for those in specific circumstances during expedited removal.

Finally. Respondents do not assert that Petitioner is mandatorily detained under § 1226(c). Respondents assert they have not been provided any information about the alleged theft.

**II. Petitioner is entitled to a bond hearing based on a violation of his due process rights.**

In the alternative, assuming he is appropriately mandatorily detained, Petitioner is entitled to a bond hearing as his prolonged detention without process violates his due process rights. Respondents do not expressly oppose his prolonged detention claim, and Respondents do not appear to dispute that he is entitled to a bond hearing based on a violation of his due process rights.

The Due Process Clause prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law." U.S. Const. amend. V. In the immigration context, "the nature of that protection may vary depending upon [immigration] status and circumstance." *Zadvydas*, 533 U.S. at 694. Noncitizens are entitled to due process "in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). However, such protections need not equate to those afforded to citizens. *Demore*, 538 U.S. at 522 ("[T]his Court has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens.").

In considering a due process claim, the Court considers whether there exists a protected liberty interest and whether the procedures provided afford the individual adequate process. *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2001); *see also Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238, 1244 (10th Cir. 2012) ("To claim a violation of his right to procedural due process, Petitioner 'must have a liberty or property interest in the outcome of the proceedings.'" (quoting *Arambula-Medina*, 572 F.3d at 828)). Respondents do not appear to dispute that he has a liberty interest The Court assumes that Petitioner has a liberty interest in freedom from imprisonment and proceeds to whether Petitioner received adequate process.

In analyzing a procedural due process claim the Court must examine the adequacy of the procedure to ensure that the deprivation meets the demands of the Constitution. *See Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In determining what process is due, the Court considers (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Petitioner has been mandatorily detained since August 2025. At issue is whether Petitioner is entitled to additional process. Assuming he is appropriately mandatorily detained, the Court concludes he is entitled to a bond hearing under the due process clause because of his prolonged detention.

**First *Mathews* factor: Petitioner's interest.**

The first *Mathews* factor considers the private interest at stake. Petitioner's basic interest in being free from detention is at stake. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (finding

that freedom from detention is "the most elemental of liberty interests"). This factor weighs in Petitioner's favor.

**Second *Mathews* factor: Risk of erroneous deprivation and the value of additional safeguards.**

The second *Mathews* factor considers the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards.

Detention pending removal proceedings "is a constitutionally permissible part of the process." *Demore*, 538 U.S. at 531. Detention pending a removal decision "necessarily serves the purpose of preventing deportable [ ] aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore,* 538 U.S. at 528 (considering mandatory detention under §1226(c)). By its nature, detention under § 1226 is definite—its "obvious termination point" is the entry of a final removal order. *Zadvydas*, 533 U.S. at 697. Due process requires that the duration of detention bear "a reasonable relation to the purpose for which the individual was committed." *Zadvydas*, 533 U.S. at 690 (cleaned up).

Here, there is clearly a risk of erroneous deprivation of his liberty interest, as there has been no determination whether he is a flight risk or danger to the community. The severity of the risk of erroneous deprivation or unwarranted detention grows the longer a noncitizen is detained without process. This factor heavily weighs in Petitioner's favor.

**Third *Mathews* factor: Government's Interest**

The final *Mathews* factor considers the "Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. When considering the Government's interest, the

Supreme Court has instructed that "it must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Detention has been deemed a valid part of sovereign prerogative "necessary to give effect to the provisions for the exclusion or expulsion of aliens." *Wong Wing v. United States*, 163 U.S. 228, 235 (1896). The Court recognizes that "[o]ver no conceivable subject is the legislative power of Congress more complete." *Reno v. Flores*, 507 U.S. 292, 305 (citation modified). Thus, the Government's interest in enforcing its immigration policies is considerable.

However, in this case the Respondents admit that any administrative burden of holding a bond hearing would be minimal.

In sum, the *Mathews* factors heavily weigh in favor of finding a procedural due process violation. Respondents did not expressly dispute that a due process violation occurred. Moreover, a bond hearing is generally an appropriate remedy for prolonged detention where a noncitizen is mandatorily detained. *See, e.g., German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020) (ordering a bond hearing when a petitioner's detention was needlessly prolonged under § 1226(c)); *Black v. Decker*, 103 F.4th 133, 159 (2d Cir. 2024) (affirming district court ordering a bond hearing where detention was prolonged under § 1226(c)). Therefore, a bond hearing is appropriate here.

**II. <u>The Court finds that a bond hearing is an appropriate remedy</u>.**

Petitioner asserts that he should be released or in the alternative he should receive a bond hearing. For the reasons stated below, the Court orders a bond hearing. Petitioner did not carry his burden to show that the Court is required to release him rather than order a bond hearing. Moreover, he did not demonstrate that the Court should shift the burden at any bond hearing to the

Respondents. As explained below, relying in part on the burden of proof and the principle of party presentation, the Court declines to immediately release Petitioner. Therefore, exercising its discretion under § 2241, the Court will order an individualized bond hearing.

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Section 1226(a) affords Respondents discretion to detain, release on bond, or parole a noncitizen. Notably, this section does not expressly provide a statutory right to immediate release. Generally, the release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings,* 583 U.S. at 295. Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien

or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…").

To be sure, federal district courts have broad equitable power in ordering habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). A federal court is vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on *habeas corpus*." *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987) (citation omitted). "Federal habeas corpus practice ... indicates that a court has broad discretion in conditioning a judgment granting habeas relief." *Id.* In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243; *see also Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (noting that § 2243 gives district courts "broad discretion to craft appropriate habeas relief."). "Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971). It is the "nature of the violation" that "determines the scope of the remedy."

*Id.* at 16. Generally, the Court has authority to order release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

Here, the Court in its discretion would order a bond hearing, as an individualized bond hearing would provide Petitioner with the process he is due under the statute. *See* § 1226(a) (providing that the Attorney General *may* continue to detain a noncitizens pending a decision on removal or *may* release the noncitizen on bond or parole); *see Martinez Escobar v. Baltazar*, No. 26-CV-00296-NYW, 2026 WL 503313, at *4 (D. Colo. Feb. 24, 2026) (ordering bond hearing rather than immediate release where due process rights were violated by respondents' failure to apply § 1226(a) discretionary detention provisions); *Gutierrez v. Garcia*, No. 2:25-CV-001145-WJ-KRS, 2026 WL 310064, at *5 (D.N.M. Feb. 5, 2026) (noting that process due is an individualized bond hearing); *Velasquez Salazar v. Dedos*, No. 1:25-cv-835, 2025 WL 2676729, at *5 (D.N.M. Sep. 17, 2025) ("Because ... § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."). Moreover, in a similar case the Tenth Circuit directed a district court on remand to "order the Government to, within seven days of such order, either provide [petitioner] with a bond hearing or else release him." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026).

Petitioner does not demonstrate in his Petition that any due process or constitutional violation *requires* his release. He does not cite to any standard or law the Court should apply in deciding whether a due process violation requires his release. For example, should the Court apply the *Mathews* test in determining whether he should be immediately released, and if so, how does the *Mathews* test apply to the facts of this case to warrant his immediate release? The Court therefore declines to *sua sponte* analyze whether a constitutional claim requires his release over a bond hearing, as this issue was not properly argued or presented to the Court. *See, e.g., United*

*States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."). The principle of party presentation is particularly appropriate here, where this district court is overwhelmed with habeas petitions, and petitioners request that the Court rule immediately. If the Court were to act as Petitioner's counsel and make arguments or do research on his behalf, it would prejudice other petitioners by delaying a ruling on their petitions. Therefore, Petitioner has not properly placed before the Court the issue of whether he must be immediately released, or he has not carried his burden.

Accordingly, the Court finds that the proper remedy is an individualized bond hearing pursuant to § 1226(a). If Respondents fail to provide an individualized bond hearing within seven days of the entry of this order, they shall release Petitioner.

Moreover, Petitioner does not argue or explain why the Court should shift the burden to Respondents on the issues of flight and dangerousness at the bond hearing, and the Court declines to *sua sponte* analyze this issue.

**III. <u>Petitioner's remaining claims</u>.**

Because the Court grants habeas relief, the Court need not rule on his other claims or enter a declaration. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (finding it unnecessary to address an additional claim in a habeas petition after granting full relief on one claim because "any relief

[petitioner] could obtain on that claim would be cumulative."); *Scott v. Mullin*, 303 F.3d 1222, 1224 (10th Cir. 2002) (declining to address the remaining claims in a habeas petition after already granting habeas relief on one claim). Generally, a district court should avoid ruling on constitutional claims if it is not necessary to decide them. *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) (stating that "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."). As explained above, he has not demonstrated that he is entitled to release over a bond hearing. Therefore, he has received all relief to which he is entitled.

## CONCLUSION

The Court concludes that Petitioner's detention pending a decision on whether he should be removed from the United States is governed by § 1226(a) as opposed to § 1225(b)(2)(A). Accordingly, the Petition is granted in part. Respondents are directed to arrange an individualized bond hearing pursuant to § 1226(a) for Petitioner before an immigration judge within **seven (7) days** of the entry of this Order. **Respondents shall not deny Petitioner bond or parole on the basis that § 1225(b) or § 1226(c) requires mandatory detention.** If Respondents do not provide him an individualized bond hearing in seven days, they shall release him. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) (directing the district court on remand to "order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").[1] The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **GRANTED in part** for the reasons described in this Order.

---

[1] However, if Petitioner requests an extension of time to hold the bond hearing, that extension will not be held against the Respondents.

**IT IS FURTHER ORDERED** that Respondents shall provide an individualized bond hearing before an immigration judge for Petitioner pursuant to § 1226(a), as opposed to § 1225(b) or § 1226(c), within **seven (7) days** of the entry of this order, provided that the Court makes no determination when in the future § 1231 detention provisions may apply. If Respondents do not provide an individualized bond hearing within seven days of the entry of this order, they shall release him.

____________/S/________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE